IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHARLES THATCHER, | No. CIV S-04-2547-MCE-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| M. PENNER, et al., | |
| Defendants. | |
| _____/ | |

  Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is a motion to dismiss filed by the State of California (Doc. 19). Plaintiff has not filed an opposition.

  In its motion, the State of California seeks dismissal as an immune defendant under the Eleventh Amendment. The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This

prohibition extends to suits against states themselves, and to suits against state agencies.[1]  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  The Eleventh Amendment bars actions seeking damages from state officials acting in their official capacities.  See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam).  The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities.  See id.  Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities.  See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).  The Eleventh Amendment also does not bar suits against cities and counties.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.54 (1978).

      Plaintiff's complaint filed on December 1, 2004, names the following defendants: M. Penner; Scott Kernan; and the California State Prison, Sacramento.  The complaint does not name the State of California as a defendant.  Therefore, the instant motion should be denied as unnecessary.

      The court must, however, dismiss claims against immune defendants.  See 28 U.S.C. § 1915(e)(2).  Therefore, to the extent the complaint seeks relief against the California State Prison, Sacramento, such defendant is a state agency and is immune under the Eleventh Amendment.  Defendant California State Prison, Sacramento, should be dismissed sua sponte.

/ / /

/ / /

/ / /

/ / /

---

[1]   A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

1  Based on the foregoing, the undersigned recommends that:

2  1. The State of California's motion to dismiss be denied; and

3  2. Defendant California State Prison, Sacramento, be dismissed sua sponte.

4  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 12, 2005.

  _____
  **CRAIG M. KELLISON**
  UNITED STATES MAGISTRATE JUDGE